UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO D. SHEPPARD,

          Plaintiff,

     v.                                 Case No. 24-cv-0539-bhl

LT. ANTHONY MATUSHAK,
JODY PERTTU,
CO MAYOR,
CO TYLER S.,
LT. KING,
LT. KENT,
CO XIONG,
CO HANSEN,
CO BAKER,
CO KORPITA,
SGT FRIEDEL,
SGT RAFAEL RAMIREZ-GUZMAN,
CO RANDA,
CO SANGRAW, and
STG. WIESNER,

          Defendants.

## SCREENING ORDER

Plaintiff Antonio Sheppard, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Sheppard's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE**

Sheppard has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of

the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Sheppard has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $137.37. Sheppard's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Sheppard, for thirty-three days, he was housed in a cell in the segregation unit that had "feces smeared and lodged in [his] cell vent and in between the cell door cracks." Sheppard explains that there was so much feces that it fell to the floor when he poked it with rolled-up paper. Sheppard asserts that he complained to nearly every staff member who passed by his cell and wrote to the unit manager asking that the inmate workers power wash his cell because the available cleaning supplies were inadequate, but he was either ignored, given the runaround, or placated with empty promises. Sheppard explains that he was eventually moved to a new cell. Dkt. No. 1 at 2-8.

## THE COURT'S ANALYSIS

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted). To state a claim, a plaintiff must allege that "the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety," and that the defendant was deliberately indifferent to that risk. *Id.* (citations omitted).

3

It is a close call whether the conditions Sheppard describes were sufficiently serious to deny him the minimal civilized measure of life's necessities. Certainly, exposure to human waste may violate the Eighth Amendment, but "[t]here are degrees of filth, ranging from conditions that are simply unpleasant to conditions that pose a grave health risk." *Taylor v. Riojas*, 592 U.S. 7, 13 (2020) (Alito, J., concurring). The conditions described in cases finding an Eighth Amendment violation based on the presence of human waste have been much more severe than the conditions described by Sheppard. *See, e.g., Taylor*, 592 U.S. at 7-8 (inmate confined for four days in a cell covered floor to ceiling with feces, followed by two days in a frigid cell with a clogged drain overflowing with bodily waste, forcing the inmate to sleep naked on the floor in raw sewage); *Thomas v. Blackard*, 2 F.4th 716, 720-21 (7th Cir. 2021) (inmate confined in cell with feces-covered walls, a lack of hot water, hundreds of dead flies in his bed, and a mattress covered in human waste). Still, Sheppard alleges that feces were lodged in his vent, through which air was pushed into his cell, and that, because he was unable to reach it, he could not make use of the available cleaning supplies. At this stage of the case, Sheppard's allegations are sufficient for the Court to reasonably infer that the conditions of his cell were objectively serious enough to state an Eighth Amendment claim.

With regard to the deliberate indifference element of the standard, Sheppard alleges that he spoke to fifteen different people during the thirty-three days he was housed in the dirty cell. The Seventh Circuit has acknowledged that not every "public employee who knows (or should know) about a wrong must do something to fix it . . . ." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Prison operations would grind to a halt if staff members engaged in other duties were expected to drop everything to respond to every complaint a prisoner yells through his cell door.

4

*See id.* (explaining that "there is no general duty of rescue" and "public employees are responsible for their own misdeeds but not for anyone else's").

With this standard in mind, the Court will allow Sheppard to proceed on an Eighth Amendment conditions of confinement claim against Jody Perttu, the unit manager to whom he wrote and explained that the provided cleaning supplies were inadequate to clean the feces, and Xiong, Hansen, and Mayor, who were overseeing the inmate workers tasked with power washing cells and/or handing out cleaning supplies. Sheppard may also proceed against Matushak, King, Baker, Wiesner, Ramirez-Guzman, and Kent, who allegedly inspected Sheppard's cell at his request and acknowledged the cell should be cleaned. Sheppard may not, however, proceed against Tyler S., Friedal, Randa, Korpita, and Sangraw, with whom he alleges only limited contact and who, according to Sheppard, were engaged in other duties and tasks when he talked to them, including escorting Sheppard from other parts of the institution and handing out tissue, canteen, or medication.

Finally, on June 12, 2024, Sheppard filed a request for an order to allow him to review the bodycam video footage that had been preserved at his request. The Court will deny the request. After Defendants have an opportunity to respond to the complaint and after the Court enters a scheduling order setting deadlines for discovery and the filing of dispositive motions, Sheppard may serve discovery requests upon Defendants asking that they produce relevant video footage.

**IT IS THEREFORE ORDERED** that Sheppard's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Sheppard fails to state a claim against CO Tyler S., CO Korpita, Sgt. Friedal, CO Randa, and CO Sangraw. The clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Sheppard's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Lt. Anthony Matushak, Jody Perttu, CO Mayor, Lt. King, Lt. Kent, CO Xiong, CO Hansen, CO Baker, Sgt. Rafael Ramirez-Guzman, and Wiesner.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Lt. Anthony Matushak, Jody Perttu, CO Mayor, Lt. King, Lt. Kent, CO Xiong, CO Hansen, CO Baker, Sgt. Rafael Ramirez-Guzman, and Wiesner shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Sheppard is located.

**IT IS FURTHER ORDERED** that the agency having custody of Sheppard shall collect from his institution trust account the $212.63 balance of the filing fee by collecting monthly payments from Sheppard's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Sheppard is transferred to another institution, the transferring institution shall forward a copy of this Order along with Sheppard's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Sheppard is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on June 14, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge